Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
Phone: (800) 400-6808 x7
mkind@kazlg.com
*Attorneys for Plaintiff Jamie Sprague*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jamie Sprague,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TD Auto Finance, LLC f/k/a Chrysler Financial,<br><br>　　　　Defendant. | Case No:<br><br>**Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Jamie Sprague ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of TD Auto Finance, LLC f/k/a Chrysler Financial ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that
> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this case arises out of a violation of the TCPA, a federal law.

6.  Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §1391 because (i) Plaintiff resides within this judicial district; (ii) the harm complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant is listed with the Nevada Secretary of State as a foreign limited-liability company doing business in Nevada and

    (a) conducts business in this district and has intentionally availed itself to the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws of Nevada; and

    (d) caused harm to Plaintiff within this district.

## PARTIES

7.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Nevada. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

8.  Upon information and belief, Defendant is, and at all times mentioned herein was, a limited-liability company doing business in Nevada, registered with the Nevada Secretary of State, and is a "person as defined by 47 U.S.C. §153(39).

9.  Upon information and belief, Defendant's website is http://www.tdautofinance.com.

10. Upon information and belief, Defendant is a company and owner (or frequent user) of one or more of the telephone numbers used by Defendant to make telephone calls to Plaintiff in violation of the TCPA.

## FACTUAL ALLEGATIONS

11. Within the four years prior to filing the instant complaint, Plaintiff received numerous calls from Defendant.

12. At no time did Plaintiff give prior written, express consent for Defendant to contact Plaintiff on her cellular telephone.

13. Defendant called Plaintiff's cellular telephone number on various instances ("the calls").

14. Upon information and belief, Defendant placed the calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. §227(a)(1), and as prohibited by 47 U.S.C. §227(b)(1)(A).

15. The calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

16. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

17. Upon information and belief, the ATDS used by Defendant has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

18. The calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

19. The calls were unwanted by Plaintiff.

20. Plaintiff told Defendant multiple times to stop calling.

21. Specifically, but not limited to, Plaintiff requested that Defendant cease all calls to her cellular telephone in or about 2015.

22. Defendant did not have prior, express written consent to place the calls to Plaintiff.

23. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

24. Plaintiff received numerous unwanted calls within the four years preceding the filing of the complaint while he was at work and home.

25. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted calls using an ATDS and prerecorded voices.

26. The calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with unwanted calls, causing a nuisance and lost time.

27. The calls to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.

28. Plaintiff is informed, believes, and there upon alleges that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

29. Through the aforementioned conduct, Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii).

30. Further, Defendant's violations caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See, e.g., Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §227 *et seq.*

31. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227, *et seq*.

33. As a result of Defendant's negligent violations of 47 U.S.C. §227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

34. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §227 *et seq.*

35. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227, *et seq*.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court to grant Plaintiff the following relief against Defendant:

- Provide injunctive relief prohibiting Defendant's unlawful conduct in the future, pursuant to 47 U.S.C. §227(b)(3)(A);
- Award statutory damages of $500.00 for each of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. §227(b)(3)(B);
- Award statutory damages of $1,500.00 for each of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. §227(b)(3)(C); and
- Any other relief the Court deems just and proper.

## TRIAL BY JURY

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

DATED this 21st day of September 2018.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
*Attorneys for Plaintiff*